UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCK McNEELY, | NO. 2:05-cv-1401-MCE-DAD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; SHERIFF LOU BLANAS as an individual and in his official capacity; and DOES 1 through 100, in their individual and official capacities, | (consolidated cases) |
| Defendants. | |
| _____ | |
| DOCK McNEELY, | NO. 2:05-cv-2549-MCE-DAD |
| Plaintiff, | |
| v. | |
| COUNTY OF PLACER; PLACER COUNTY SHERIFF'S DEPARTMENT; EDWARD BONNER, individually and in his capacity as Sheriff of Placer County, COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; SHERIFF LOU BLANAS, individually and in his official capacity as Sheriff of Sacramento County; and DOES 1 through 10, | |
| Defendants. | |

----oo0oo----

1

Through the present consolidated action, Plaintiff Dock McNeely ("Plaintiff") seeks damages, pursuant to 42 U.S.C. § 1983, for excessive pretrial incarceration in violation of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Plaintiff has sued the Sacramento County and Placer County, their respective Sheriff's Departments, and the individual Sheriffs themselves (Lou Blanas and Edward Bonner)[1] on grounds that he was wrongfully incarcerated at both the Sacramento and Placer County jails.  The Sacramento and Placer County Defendants now move for summary judgment as to Plaintiff's complaint.  Alternatively, the Sacramento Defendants request summary adjudication as to various claims and issues.  As set forth below, summary judgment will be granted in favor of Defendants as to the entirety of the case.[2]

///
///
///
///
///
///
///
///

---

[1] Throughout this Memorandum and Order, the collective defendants will be collectively referred to as either the "Sacramento Defendants" or the "Placer Defendants" unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

**BACKGROUND**

The facts of this case are essentially uncontroverted. On March 25, 1994, Plaintiff was convicted in Placer County Superior Court for felony violation of California Penal Code § 288.5(a), lewd and lascivious conduct upon a minor.[3] He was sentenced to five years probation. Less than three years later, in Sacramento County, Plaintiff was again charged with lewd and lascivious conduct involving a minor and further was charged under California Penal Code § 290 for failure to register as a sex offender in Sacramento County. He was taken into custody in Sacramento County. Thereafter, on September 17, 1998, the Placer County Probation Department filed a Petition to revoke Plaintiff's probation based on the allegations in the Sacramento case. On September 24, 1998, the Placer County Superior Court summarily revoked Plaintiff's probation and issued a bench warrant for his arrest. A detainer warrant was subsequently on March 18, 1999, noting that Plaintiff was wanted by Placer County and that "if the subject is to be released by [Sacramento County], please notify [Placer County] for pick up." (Sacramento County Undisputed Fact No. 11). That request was reiterated on July 31, 2002, when the Placer County Corrections Department again requested that Sacramento County contact them before releasing Plaintiff. (Undisputed Fact No. 12).

---

[3] Both the Sacramento and Placer Defendants have requested, pursuant to Federal Rule of Evidence 201, that the Court take judicial evidence of a number of court and county records. Those requests are unopposed and consequently are granted. In addition, Plaintiff has also requested judicial notice of certain records, which also will be ganted.

3

1  In the meantime, on February 26, 2002, Plaintiff was arraigned on
2  a probation revocation petition.

3      After Plaintiff's Sacramento County proceedings were
4  repeatedly continued for various reasons, Plaintiff filed a writ
5  of habeas corpus on grounds that right to speedy trial under the
6  Sixth Amendment to the United States Constitution had been
7  violated.  Ultimately, on July 17, 2003, the Ninth Circuit
8  granted Plaintiff's petition and ordered that the Sacramento
9  County criminal charges be dismissed with prejudice.  In
10 accordance with that directive, the District Court ordered that
11 Plaintiff be released on Friday, July 25, 2003.

12     On the next business day, Monday, July 28, 2003, Sacramento
13 County jail personnel notified, pursuant to Placer County's
14 detainer warrant, that Plaintiff was available for pick up.
15 Placer County was not a party to the proceedings which had
16 resulted in Plaintiff's release from custody in Sacramento
17 County.  Placer County retrieved Plaintiff on or about July 31,
18 2003 and transported him to Placer County.

19     Plaintiff remained incarcerated in the Placer County Jail
20 until December 9, 2004, when Magistrate Judge Peter Nowinski
21 ordered him released.  On July 15, 2005, District Judge David F.
22 Levi granted his petition for habeas corpus and ordered not only
23 that he be released from custody, but also that Placer County
24 make no further attempt to revoke his probation based on the
25 charges of the probation revocation petition.
26 ///
27 ///
28 ///

4

1    Plaintiff also challenged his detention and release to
2 Placer County as unlawful under 42 U.S.C. § 1983, naming as
3 defendants officials of both Sacramento and Placer Counties,
4 including Sheriffs Blanas and Bonner.  Sheriff Blanas
5 subsequently filed a Motion to Dismiss.  On April 12, 2005, the
6 assigned Magistrate Judge issued findings recommending that the
7 motion be granted on grounds that because Blanas was acting on
8 behalf of the State of California in continuing to detain
9 Plaintiff based on the Placer County warrant, he consequently was
10 not amenable to suit under § 1983.  The case was dismissed in its
11 entirety on procedural grounds, however, on July 22, 2005, before
12 the Magistrate's findings and recommendations were ever adopted
13 by the District Judge.[4]
14    On July 11, 2005, before his previous suit was dismissed as
15 discussed above, Plaintiff filed suit against the County of
16 Sacramento, the Sacramento County Sheriff's Department, and
17 Sheriff Blanas, also under 42 U.S.C. § 1983, arising from his
18 detention at the Sacramento County Jail for the period between
19 March 26, 2002 and August 4, 2003.  Some five months later, on
20 December 15, 2005, Plaintiff filed another lawsuit against both
21 the Sacramento defendants enumerated above as well as the Placer
22 County Sheriff's Department and Sheriff Edward Bonner.
23 ///
24

---

25    [4] While the Sacramento defendants now attempt to argue that
the present suit is barred on res judicata grounds because of the
26 Magistrate's April 12, 2005 Findings and Recommendations in
Plaintiff's prior suit, because those recommendations were never
27 adopted, they were never reduced to a court order having any such
preclusive effect.  Consequently Defendants' res judicata
28 argument is misplaced.

That suit also asserts claims sounding under § 1983, premised on both the Fourth and Fourteenth Amendments, for detaining and incarcerating Plaintiff pursuant to a probation revocation hearing premised on charges that Plaintiff alleges had already been ordered dismissed by the Ninth Circuit.

By Order dated March 2, 2006, this Court ordered the two actions consolidated.  As indicated above, Defendants now move for summary judgment, or alternatively for summary adjudication with respect to certain claims and/or issues.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

6

1   The standard that applies to a motion for summary
2 adjudication is the same as that which applies to a motion for
3 summary judgment.  See Fed. R. Civ. P. 56(a), 56(c); Mora v.
4 ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).
5   In considering a motion for summary judgment, the court must
6 examine all the evidence in the light most favorable to the non-
7 moving party.  U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).
8 Once the moving party meets the requirements of Rule 56
9 by showing that there is an absence of evidence to support the
10 non-moving party's case, the burden shifts to the party resisting
11 the motion, who "must set forth specific facts showing that there
12 is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc.,
13 477 U.S. 242, 256 (1986).  Genuine factual issues must exist that
14 "can be resolved only by a finder of fact, because they may
15 reasonably be resolved in favor of either party."  Id. at 250.
16 In judging evidence at the summary judgment stage, the court does
17 not make credibility determinations or weigh conflicting
18 evidence.  See T.W. Elec. v. Pacific Elec. Contractors Ass'n, 809
19 F.2d 626, 630-631 (9th Cir. 1987), citing Matsushita Elec. Indus.
20 Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

**A. Both the County Defendants and Sheriffs Blanas and Bonner in their Official Capacities are Immune from Section 1983 liability.**

Defendants Sacramento and Placer Counties, as well as Sheriffs Blanas and Bonner in their official capacities, both contend that they are entitled to absolute immunity with respect to the § 1983 claims asserted by Plaintiff.  While the Sacramento and Placer Defendants frame the basis for that immunity on somewhat different terms, as set forth below the Court concludes that both positions are correct.

The Sacramento Defendants contend that Sheriff Blanas was acting on behalf of the State of California in detaining Plaintiff pursuant to pending criminal proceedings, and a facially valid bench warrant issued by the Placer County Superior Court.  As such, according to the Sacramento Defendants, both Blanas and the County are entitled to immunity under the Eleventh Amendment to the United Constitution for any purported liability under § 1983.

While § 1983 does provide a method by which individuals can sue for violations of their civil rights, one of the prerequisites for imposition of § 1983 liability is that the claimed violations are committed by a "person" acting under color of state law.  Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).

///
///
///

8

1  Significantly, under the sovereign immunity generally afforded to
2  states by the Eleventh Amendment, a state and its officials sued
3  in their official capacity do not qualify as "persons" within the
4  meaning of § 1983, and consequently neither are subject to suit
5  under the statute.  Id. at 70-71; Cortez v. County of Los
6  Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  Will explains the
7  extension of Eleventh Amendment immunity to state officials as
8  follows: "Obviously, state officials literally are persons.  But
9  a suit against a state official in his or her official capacity
10 is not a suit against the official but rather a suit against the
11 official's office."  Id. at 71.  Hence a suit against an
12 individual in his official capacity is no different than suit
13 against the state itself, and immunity applies.
14      Plaintiff claims that § 1983 liability does attach to the
15 County on grounds that a municipality or other local governmental
16 entity can be deemed a "person" for purposes of the statute.
17 Monell v. Dept. of Social Services, 436 U.S. 658 (1978).  In
18 McMillian v. Monroe County, Alabama, 520 U.S. 781 (1997),
19 however, the Supreme Court articulated the parameters for
20 determining whether local governmental officials are final policy
21 makers for the local government, or instead represent the State
22 and consequently qualify for Eleventh Amendment immunity on that
23 basis.  Whether or not local officials, like Sheriff Blanas, act
24 for the locality of the state in a particular area or on a
25 particular issue depends on an analysis of state law.  Id. at
26 786; Weiner v. San Diego County, 210 F.3d 1025, 1028 (9th Cir.
27 2000).
28 ///

California law deems elected sheriffs as state actors with respect to their law enforcement activities. See <u>Venegas v. County of Los Angeles</u>, 32 Cal. 4th 820,839 (2004); <u>County of Los Angeles v. Superior Court (Peters)</u>, 68 Cal. App. 4th 1166, 1171 (1998). While the Ninth Circuit has treated the sheriff as a county actor where his administrative or investigative responsibilities are under scrutiny, those cases are distinguishable from the present case, which concerns conduct arising from simply detaining Plaintiff in jail pending the outcome of ongoing criminal proceedings in Sacramento and Placer Counties. See <u>Streit v. County of Los Angeles</u>, 236 F.3d 552 (9th Cir. 2001) (when administering the county's policy to delay inmate release from local jails to check for all warrants and holds, the Los Angeles County Sheriff acts as an official for the county; sheriff acts for the county in the administration and operation of jails); <u>Brewster v. Shasta County</u>, 275 F.3d 803 (9th Cir. 2001) (Shasta County Sheriff acted on behalf of the county when he was alleged to have manipulated a witness, failed to test physical evidence and failed to disclose exculpatory evidence). Indeed in <u>Streit</u>, the Ninth Circuit recognizes that "[a]cting upon a warrant is a law enforcement function with which [a sheriff's department is tasked under California state law. See Cal. Gov. Code § 12560." <u>Streit</u>, 236 F.3d at 564. Here, there can be no question that Sheriff Blanas, as well as Sheriff Bonner, were acting in accordance with both facially valid warrants as well as duly authorized criminal proceedings instituted by the District Attorneys of their respective counties and pending before their courts.

10

1  "Persons who faithfully execute valid court orders are absolutely
2  immune from liability for damages in civil rights actions
3  challenging conduct authorized by the order." <u>Coverdell v. Dep't
4  of Social & Health Servs.</u>, 834 F.2d 758, 764-65 (9th Cir. 1987).
5      The Sacramento Defendants correctly point out that it is not
6  up to the sheriff to release a detainee like Plaintiff while
7  criminal charges filed on behalf of the State of California are
8  pending, whether in Sacramento or Placer County.  Plaintiff
9  himself concedes that a sheriff lacks discretion to simply
10 release a detainee while criminal charges are being pursued and
11 the detainee is held pursuant to court order.  (See Placer
12 Undisputed Fact No. 22).  Even after the Sacramento County
13 proceedings were dismissed following the Ninth Circuit's ruling
14 of July 17, 2003, the Placer proceedings remained ongoing, and
15 Sacramento had notice of Placer County's September 24, 1998 bench
16 warrant as well as the subsequent detainer warrant directing that
17 Placer County be notified if Plaintiff was released from the
18 custody of Sacramento County so that pickup by Placer could be
19 arranged.
20     Under California Penal Code § 4004, a sheriff is obligated
21 to keep a detainee in county jail "until legally discharged."
22 Significantly, too, the Northern District has recognized that the
23 sheriff is a state actor, and hence not subject to suit, in an
24 action arising from a detainee's arrest and incarceration based
25 upon an outstanding warrant.  <u>Smith v. County of San Mateo</u>, 1999
26 WL 672318 (N.D. Cal. 1999).
27 ///
28 ///

11

1    While the arguments delineated above in favor of Eleventh
2 Amendment immunity apply equally to both the Sacramento and
3 Placer County Defendants, Placer County approaches the immunity
4 issue from a somewhat different, but equally compelling,
5 position.  Placer argues that while an official like the sheriff
6 can be liable under Monell as a county actor, the cases so
7 holding relate to instances regarding the release of inmates who
8 have either completed their sentences or to situations where no
9 valid prosecution is pending.  In Berry v. Baca, 379 F.3d 764
10 (9th Cir. 2004), for example, the plaintiff was found to have a
11 potential Monell claim where he challenged administrative delays
12 that kept him incarcerated more than twenty-four hours after
13 being ordered released.  In Fairley v. Luman, 281 F.3d 913, 918
14 (9th Cir. 2002), such liability hinged on the sheriff's failure
15 to instigate procedures to alleviate the problem of detaining
16 individuals on the wrong warrant.
17    In this case, on the other hand, whether or not there was an
18 unreasonable delay in prosecution, as Plaintiff contends,
19 requires a complex factual and legal determination that is beyond
20 the expertise of either the sheriff or his deputies.  The Court
21 agrees that those determinations are not within the sheriff's
22 purview, but instead are for the prosecutor and defense counsel
23 to advocate and for the Court to decide.
24 ///
25 ///
26 ///
27 ///
28 ///

12

1 The prosecutor would be cloaked with prosecutorial immunity for
2 his handling of such matters, and it would make no sense to hold
3 the sheriff liable for incarcerating individuals at the
4 prosecutor's impetus, and with the court's imprimatur in
5 authorizing the prosecution, when neither those individuals would
6 be liable under well-established principles of immunity.[5]

7     It follows that both Defendants Blanas and Bonner are
8 entitled to immunity, in their official capacities as Sheriffs of
9 Sacramento County and Placer County, with respect to the issues
10 raised by Plaintiff's lawsuit with regard to his incarceration.
11 Moreover, because the Court has determined that those issues
12 arise from the sheriffs' status as state, rather than county
13 actors, neither the County of Sacramento or the County of Placer
14 are proper parties to this lawsuit.  Finally, although
15 Plaintiff's lawsuit also individually names both the Placer
16 County Sheriff's Department and the Sacramento County Sheriff's
17 Department as Defendants, their inclusion is unnecessary since
18 neither is a separate, distinct, legal entity apart from the
19 county itself.
20 ///

---

[5] Nor is it logical to suggest, as Plaintiff does, that Sacramento jail personnel has the responsibility of notifying all pretrial detainees in their custody of all warrants, holds, detainers, or notices that probation has been revoked. In so doing, Plaintiff attempts to blame the Sacramento Defendants for not keeping him apprised of notification in that regard from Placer County as to the proceedings there.  The court and counsel, however, not jail personnel, whose primary role is to house inmates, must be responsible for such notification. Similarly, contrary to Plaintiff's argument, Sheriff Bonner was also not required to institute a system in the Placer County Jail for alerting inmates who had not received timely probation revocation hearings.  The timing of such hearings is within the particular province of the prosecutor and the court's calendar.

1  See Alcala v. City of Corcoran, 147 Cal. App. 4th 666, 670 (2007)
2  (finding law enforcement agency and public entity
3  indistinguishable).  Hence, the only other question that must be
4  answered in resolving this case in its entirety is whether either
5  Defendant Blanas or Defendant Bonner bear any personal liability
6  for Plaintiff's claims, apart from their responsibility in an
7  official capacity which has already been addressed.  The Court
8  now turns to that issue.

### B. No Viable Claims have been pled against either Defendants Blanas or Bonner on an Individual Basis.

To the extent Plaintiff's Complaint seeks to hold Sheriffs Blanas and Bonner liable on an individual supervisorial basis apart from their official position in and of itself, that attempt fails.  Such liability does not lie unless 1) the supervisor personally participated in the deprivation of constitutional rights; 2) the supervisor knew of the violations and failed to act to prevent them; or 3) the supervisor implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights and is the moving force of the constitutional violation.'"  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); cert. denied, 502 U.S. 1074 (1992; Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

///
///
///
///
///

14

There in no evidence here that either Blanas or Bonner personally participated in any of the events surrounding Plaintiff's incarceration.[6] There is also no evidence that either sheriff implemented any policy so deficient that the policy itself was not only unconstitutional but also was the moving force behind Plaintiff's alleged injury. As indicated above, it was facially valid court orders, as well as an ongoing criminal prosecution, that accounted for Plaintiff's ongoing detention, not any policy instituted by Blanas or Bonner.

## CONCLUSION

For all the foregoing reasons, Defendants are entitled to judgment as a matter of law in their favor. Plaintiff's remedy with respect to any undue incarceration rested with habeas corpus relief, which he obtained. His civil action against Defendants herein for complying with facially valid orders for his detention during ongoing criminal proceedings are, however, without merit.

///
///
///
///
///

---

[6] While Plaintiff attempts to cite excerpts from court proceedings suggesting that the two sheriffs worked together "to defeat the release" of Plaintiff, (See Plaintiff's Separate Statement of Undisputed Fact No. 23), the statements in question have been shown to in fact been from Plaintiff's criminal defense attorney rather than the prosecutor as Plaintiff originally alleged. See Decl. of Craig S. Meyers, ¶¶ 10-14.

15

1  Summary judgment as to this consolidated matter is accordingly
2  GRANTED.  The Clerk is directed to close the file.
3       IT IS SO ORDERED.

Dated:   February 19, 2008

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

16